# Court of Appeals
## Tenth Appellate District of Texas

No. 10-23-00244-CR

Kevin Romero Matias,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
12th District Court of Walker County, Texas
Judge David W. Moorman, presiding
Trial Court No. 29464

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

### MEMORANDUM OPINION

A jury found Kevin Romero Matias guilty of three counts of aggravated robbery, one count of unlawful possession of a firearm by a felon, one count of evading arrest, and two counts of unauthorized use of a motor vehicle. See TEX. PENAL CODE ANN. §§ 29.03; 46.04; 38.04; 31.07. The trial court assessed Matias's punishment at 55 years confinement on each count of aggravated robbery, 20 years confinement on the sole count of unlawful

possession of a firearm by a felon and each count of unauthorized use of a motor vehicle, to be served concurrently in the Texas Department of Criminal Justice Institutional Division, and sentenced him accordingly, See TEX. PENAL CODE ANN. §§ 12.32; 12.34; 12.35; 12.42; 12.425. This appeal ensued. We affirm the trial court's judgments for each offense.

Matias's appointed counsel filed a motion to withdraw and an *Anders* brief in support of the motion in each case asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief evidences a professional evaluation of the record for error and compliance with the other duties of appointed counsel. We conclude that counsel has performed the duties required of appointed counsel. *See id.* at 744, 87 S.Ct. at 1400; *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407–09 (Tex. Crim. App. 2008). Matias filed a *pro se* response, and the State filed a response.

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349–50, 102 L.Ed.2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509–11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or

"without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988). After a review of the entire record in this appeal, including Counsel's brief, Matias's *pro se* filings in response to Counsel's brief, and the State's reply, we have determined the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgments.

Counsel's motion to withdraw from representation of Matias is granted.

_____
MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED: February 20, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Do Not Publish
[CRPM]

